IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTHONY BURTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| WEEKS MARINE, INC. | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Anthony Burton complains of Defendant Weeks Marine, Inc. and would respectfully show unto the Court as follows:

## I.
## JURISDICTION & VENUE

1.  This action is within the jurisdiction of this Court and its civil docket pursuant to 28 U.S.C. § 1333.

2.  Plaintiff's claims against Defendants are maintained under the Jones Act, 46 U.S.C. § 30104 and the general maritime law pursuant to 28 U.S.C. § 1333.

3.  Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in the district.

4.  This is a complaint for damages arising from personal injury.

## II.
## PARTIES

5.  Plaintiff is an American seaman and is a resident of Louisiana.

6.     Defendant Weeks Marine, Inc. is a New Jersey company that may be served through its registered agent, Melody Treme at 304 Gaille Drive, Covington, Louisiana 70433.

## III.
## NATURE OF THIS ACTION

7.     Plaintiff is an able-bodied seaman and on May 3, 2020, was employed as a seaman aboard a Weeks Marine owned barge. On the date in question, Plaintiff received instruction from his superintendent, Miguel, to attempting moving a 2,000 pound spool with his co-worker, Mark, using pry bars. During the process Plaintiff's hand got caught under the spool and crushed.

8.     As a result of the incidnet, Plaintiff sustained severe and lasting physical injuries.

## IV.
## CAUSES OF ACTION

*A.     Negligence and Gross Negligence*

9.     Defendants are liable to Plaintiff under the theory of negligence. Plaintiff sustained injuries because of Defendants' negligence when Defendants:

- failed to properly supervise its crew and the work aboard the vessel;
- failed to provide adequate crew;
- failed to properly train their crew;
- failed to safely operate their vessel;
- failed to promptly provide Plaintiff with adequate medical treatment;
- failed to provide necessary equipment for the safe performance of work;
- failed to provide reasonably safe work conditions;
- failed to take reasonable precautions for Plaintiff's safety;
- failed to ensure the vessel was properly maintained;
- operated the vessel with a dangerous condition; and

- other acts so deemed negligent and grossly.

10. On the dates in question, the barge, her crew, and her appurtenances were unseaworthy.

## V.
## DAMAGES

11. As a direct and proximate result of the negligence, negligence per se, and gross negligence of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

12. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct.  Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Defendant is therefore liable for exemplary damages.

13. Despite Plaintiff's severe and extensive injuries, he has not been paid sufficient maintenance and cure. Specifically, Defendants have not paid all of Plaintiff's medical bills related to the injuries in this lawsuit. As a Jones Act seaman, Plaintiff is entitled to maintenance cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order the Defendants to pay adequate maintenance and cure benefits from this day forward. Moreover, Plaintiff alleges that Defendants' failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Claimant seeks attorneys' fees and punitive damages.

14. Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious, Defendants acted with flagrant and malicious disregard for Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by operating the barge in an unseaworthy condition. This recklessness caused Plaintiff's injuries. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved and consciously disregarded such risks. Moreover, Plaintiff may recover punitive damages under the general maritime law because of the vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendants.

WHEREFORE, Plaintiff prays that this citation for Defendants B&J, Inc., and the barge issue and be served upon the parties in a form and manner prescribed by law, requiring that the parties appear and answer, and that upon final hearing, Plaintiff have judgment against the parties

in a total sum in excess of the minimum jurisdictional limits of this Court. Plaintiff also seeks interest on all sums found to be owing from the date said interest accrues by law, all costs of these proceedings, and all such other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    **PIERCE SKRABANEK, PLLC**

    */s/ M. Paul Skrabanek*
    _____
    M. Paul Skrabanek
    Bar Roll No. 34980
    3701 Kirby Drive, Suite 760
    Houston, TX 77098
    Telephone: 832-690-7000
    Facsimile: 832-616-5576
    E-mail: paul@pstriallaw.com
           michael@pstriallaw.com
           service@pstriallaw.com

    -And-

    THE TOWNSLEY LAW FIRM

    */s/ David H. Hanchey*
    David H. Hanchey
    Bar Roll #19927
    3102 Enterprise Boulevard
    Lake Charles, LA  70601
    Telephone: (337) 478-1400
    Facsimile: (337) 478-1577
    Email: david@townsleylawfirm.com
           jboone@townsleylawfirm.com

    **ATTORNEYS FOR PLAINTIFF**