UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANTHONY BURTON**                          **CASE NO.  2:22-CV-01111**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**WEEKS MARINE INC**                         **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 4] filed by Weeks Marine, Inc. ("Weeks") under Federal Rule of Civil Procedure 12(b)(6) and seeking to dismiss plaintiff's claim for punitive damages. The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from injuries suffered by plaintiff, who was employed as a seaman aboard a barge owned by Weeks. Specifically, plaintiff alleges that his hand was crushed while attempting to move a 2,000-pound spool aboard the barge using pry bars, at the instruction of his superintendent. Doc. 1. Plaintiff filed suit in this court against Weeks, raising a claim of negligence under the Jones Act and general maritime law. *Id.* He seeks recoupment of maintenance and cure as well as punitive damages on the grounds that Weeks has willfully and wantonly failed to pay sufficient maintenance and cure despite notice of the severity of his injuries and his continued treatment. *Id.* at ¶ 13. He also seeks punitive damages on the grounds that Weeks's conduct was "grossly negligent and reckless" and that he "may recover punitive damages under the general maritime law

because of the vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*." *Id.* at ¶ 14.

Weeks now moves for dismissal of the claims for punitive damages, asserting that claims for punitive and exemplary damages in cases like this one are proscribed under the controlling precedent of this circuit. Doc. 4, att. 1. Plaintiff has filed no response to the motion and his time for doing so has passed. *See* doc. 6 (Notice of Motion Setting). Accordingly, the motion is regarded as unopposed.

## II.
### LAW & APPLICATION

#### A. Motion to Dismiss Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

In *Atlantic Sounding Co. v. Townsend*, the Supreme Court recognized an exception to the Jones Act's limitation on non-pecuniary damages and held that an injured seaman could recover punitive damages under that statute for his employer's willful and wanton disregard of its maintenance and cure obligation. 557 U.S. 404, 415–16 (2009). As the Fifth Circuit recently held, however, *Townsend* does not otherwise expand the right to seek punitive damages in a suit brought under the Jones Act or general maritime law. *McBride v. Estis Well Serv., LLC*, 768 F.3d 382 (5th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 2310 (2015). Instead, an injured seaman may not recover punitive damages for negligence under the Jones Act or for unseaworthiness under general maritime law. The seaman's recovery under such claims is thus limited to pecuniary losses, which do not include exemplary or punitive damages. *Id.* at 390–91.

Here plaintiff has asserted that he is entitled to punitive damages due to (1) defendant's willful and wanton failure to pay sufficient maintenance and cure, (2) defendant's gross negligence or recklessness, and (3) the unseaworthy condition of the vessel. Under the controlling precedent of the Fifth Circuit and United States Supreme Court, punitive damages are only available on the first basis. Accordingly, the motion will be granted in part insofar as plaintiff's claims for punitive damages arising from negligence and unseaworthiness must be dismissed.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 4] will be **GRANTED IN PART** and **DENIED IN PART**, with the claims for punitive damages arising from negligence and unseaworthiness **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 16th day of June, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**